Argued March 29, affirmed as modified April 9, 1973

MULLER, *Respondent, v.* SEARS,
ROEBUCK AND CO., *Appellant.*

508 P2d 230

*Richard H. Williams,* Portland, argued the cause for appellant. With him on the briefs were Laurence F. Janssen, and Dezendorf, Spears, Lubersky & Campbell, Portland.

*Dan O'Leary,* Portland, argued the cause for respondent. On the brief were Garry L. Kahn, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

The sole question in this workmen's compensation appeal is what is the proper award of permanent partial disability for claimant's unscheduled back injury.

At the time of his injury on February 21, 1969, claimant, who was then 19 years old, had been employed by Sears, Roebuck and Co. for a year and one-half. He had started with his employer as a busboy and been promoted to hardware department sales, a job which involved the selling and handling of heavy merchandise.

After the injury claimant saw a doctor, describing an incident in which he felt a sharp pain in his back while lifting merchandise. The doctor diagnosed his injury as a back strain and placed him under conservative treatment. He continued to work at his same occupation for several months during which time his discomfort continued.

He ultimately saw an orthopedic surgeon who, based on an examination made on September 16,

1969, diagnosed his condition as spondylolisthesis and indicated that a spinal fusion would probably be desirable. A fusion was performed on February 10, 1970. Based on an examination made on June 24, 1970, the surgeon stated in a written report:

"I feel that the patient is able to return to work, and he is able to carry out his duties satisfactorily, except for heavy lifting. I do not believe he should do this. I believe that ultimately he will be able to carry on perfectly normal. The only precaution in his work is the heavy lifting."

Claimant then returned to essentially the same kind of work with the same employer, but in a different department. He continued in this employment for a year and one-half, and was then terminated. The record is silent as to why. He thereafter engaged in part-time work while enrolled in community college courses under the auspices of the Department of Vocational Rehabilitation. If he continues for the prescribed two-year period he will obtain an associate degree in business.

During the year-and-one-half period in which the claimant continued to work for his pre-injury employer, he returned to the surgeon complaining of some discomfort and exercises were prescribed. Claimant last saw the surgeon on December 9, 1971. The surgeon's report covering that visit contains the following:

"This patient was last seen in the office on January 8, 1971. The patient states that he is going to school. This was in the fall term of 1971, which would be in the latter part of September. He states he has been working prior to his entrance into school, up until June of 1971. He states that the reason he wasn't working was mostly because of his family, and he also wanted to find out where he was going to school, either here or in California.

"The patient states that he generally feels pretty

well. His chief complaint is that his legs are always tired. He also has some soreness in his low back * * * ."

The report goes on to state that the fusion was satisfactory, and concludes:

"I believe that this patient is doing very satisfactorily. I believe, however, that one would have to say that there is some minimal permanent partial disability relative to this, primarily due to the scarring and as a result of the surgery and the donor site for bone."

So far as the record indicates, claimant did not again return to the surgeon.

The hearing officer made an award of 48 degrees which the Board affirmed. The trial judge raised the award to 160 degrees. No useful purpose would be served by again setting forth the relevant criteria in making awards for unscheduled disability. As pointed out in *Ferguson v. Wohl Shoe Co.*, 11 Or App 407, 502 P2d 1392, Sup Ct *review denied* (1972), the basis of such awards is discussed at length in *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971). *See also, Hawes v. SAIF,* 6 Or App 136, 486 P2d 1294 (1971), which on its facts is closely akin to the case at bar. We find that 80 degrees is a proper award in this case.

Affirmed as modified and remanded for entry of an order in accordance with this opinion.